**Artashes SEMERJYAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71485.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 21, 2004.

Artashes Semerjyan, North Hollywood, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Don G. Scroggin, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HAWKINS, THOMAS and BYBEE, Circuit Judges.

MEMORANDUM **

Artashes Semerjyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. As this is a streamlined case, we review the decision of the IJ. 8 C.F.R. § 1003.1(a)(7). We review for substantial evidence, *see Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995), and we grant the petition and remand.

Substantial evidence does not support the IJ's decision. Semerjyan's testimony was not materially inconsistent and the IJ's alternative explanations for why Semerjyan no longer owned his business were nothing but speculation and conjecture. "Speculation and conjecture cannot form the basis for an adverse credibility finding, which must instead be based on substantial evidence." *See Shah v. INS.,* 220 F.3d 1062, 1071 (9th Cir.2000). Accordingly, we grant the petition and remand for further proceedings consistent with this decision. *See He v. Ashcroft,* 328 F.3d 593, 603–04 (9th Cir.2003).

**GRANTED AND REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.